It is insisted that the Court have jurisdiction on the ground of fraud, concealment, and accident. Considerable range of argument has been assumed. With other topics, it has been insisted that courts of equity had original jurisdiction of partial payments, and that a trial at law does not take it away. *Page 178 
It is certainly true, as a general proposition, that where the subject-matter was originally equitable, and that equity is not rendered available at law, after due diligence, that a court of equity will entertain jurisdiction. This is on the ground that courts of law permit an examination of such equitable matter. It is said that the pleading of payment at law arose from statute, and if the party fail to plead it he may have recourse to this Court. I am unable as yet to find any precedents in the books to support this ground. To establish the origin of any legal or equitable jurisdiction is always difficult and seldom necessary, provided the exercise of such jurisdiction is sanctioned by the dictates of reason. 1 Fonb. 18.
In the case before the Court the complainants had an opportunity of defending themselves at law. If by relying on the honesty or attention of the plaintiff there they have been damaged, it is no reason for coming here. The remedy at law was a complete and adequate one, which is the true ground upon which this case rests. The ascertainment of payments were plain matters of fact, unmixed with legal disquisitions, and no way complicated in their nature. A court of law was as completely competent to afford redress, and more so, than a court of equity. This bill does not seek an account, but that a credit may be obtained for particular payments.
There are two distinct grounds upon which the jurisdiction of the Court rests. First, where the subject of complaint is of an equitable, and not of a legal nature originally, and properly cognizable in a court of equity. Secondly, where the subject is purely legal, but, in endeavoring to obtain justice in a court of law, some obstacles arise over which the complainant had no control. In this case, if the complainants, after using due diligence at law, were defeated of their remedy by fraud or other improper means, they would obtain relief in equity. But a complainant can hot come into this Court; in such a case, as a matter of course. He must show some equitable ground, and make a case free from the imputation of neglect, before he can transfer a legal *Page 179 
question to an equitable jurisdiction. 4 Hen. Mum. 423, 470, 491.
No attempt has been made to get clear of the imputation of neglect, and this Court can not aid the negligence of parties. No fraud, undue means, or improper circumstances are charged to have taken place at law, but simply a want of attention of the defendants to the complainants' interest at the trial. The allegations in the bill amount to this and no more.
The law presumes that every man will and ought to attend to his own interest; and least of all that his adversary in a judicial contest will do it for him.
The demurrer must, therefore, be sustained.